# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL LEVERT<br>129 West 5th Street<br>Mansfield, Ohio 44902 | ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| | ) | **COMPLAINT FOR DAMAGES** |
| COMTEX<br>1 Comtex Way<br>Ashland, Ohio 44805 | ) ) ) ) | **AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED** |
| | ) | **HEREIN** |
| **Serve Also:**<br>KBHR Statutory Agent Corp.<br>c/o COMTEX<br>P.O. Box 361715<br>Columbus, Ohio 43236 | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff, Daniel LeVert, by and through undersigned counsel, as his Complaint against Defendant, state and aver the following:

## PARTIES

1. LeVert is a resident of the city of Mansfield, Richland County, Ohio.

2. Central Ohio Medical Textiles ("Comtex") is a corporation that operated a business located at 1 Comtex Way, Ashland, Ohio 44805.

3. Comtex was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C § 621 e*t seq.*

4. Comtex was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that LeVert is alleging a federal law claim under Title VII.

6. This Court has supplemental jurisdiction over LeVert's state law claims pursuant to 28 U.S.C. § 1367, as LeVert's state law claims are so closely related to the federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 180 days of the conduct alleged below, LeVert filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC", Charge No. 532-2020-02806) against Comtex ("EEOC Charge").

9. On or about July 30, 2021, the EEOC issued and mailed a Dismissal and Notice of Rights letter to LeVert regarding the EEOC Charge.

10. LeVert received the Dismissal and Notice of Rights from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

11. LeVert has filed this Complaint on or before the 90-day deadline set forth in the Dismissal and Notice of Rights.

12. LeVert has properly exhausted all administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

13. LeVert is African American, placing him in a protected class for his race.

14. LeVert worked for Comtex since December 2019.

15. LeVert worked for Comtex as a delivery driver.

16. LeVert was paid $15.50 per hour plus benefits.

17. LeVert received compliments from managers.

18. On or about January 10, 2020, Jeff Peterman complimented LeVert's performance.

19. Jeff Peterman ("Peterman") was known by LeVert as LeVert's supervisor.

20. LeVert's employment history contained no disciplinary action.

21. On or about February 4, 2020, LeVert was tasked by Don Billups to train a new employee.

22. Don Billups ("Billups") was known by LeVert as the boss of Comtex.

23. On or around February 22, 2020, Billups changed LeVert's delivery route by adding new stops.

24. The new stops added to the route included Galion and Bucyrus.

25. On Fridays, two other stops were added.

26. These Friday additional stops were Third Street OBGYN and Ontario Emergency Room.

27. The new route required LeVert to be in Mansfield, after trips to Galion and Bucyrus by 0600 hours.

28. LeVert notified Billups that the drive time involved for the route made it impossible to get to Mansfield by 0600 hours.

29. LeVert requested that Billups remedy the route and delivery times.

30. LeVert's route contained at least two additional stops than the routes of his Caucasian co-workers.

31. LeVert arrived at work to begin his shift at 0045 hours.

32. LeVert's early arrival was scheduled by Peterman.

33. Peterman encouraged LeVert to arrive early if this aided LeVert in the timely completion of his route.

34. LeVert asked Peterman for the best routes to ensure shortest drive times.

35. LeVert notified Peterman each time his stop was delayed.

36. LeVert's stops were delayed by other companies' trucks blocking the delivery area.

37. LeVert's stops were delayed by traffic delays on the highways.

38. LeVert's stops were delayed by mechanical failures of his delivery truck.

39. On or about February 25, 2020, Peterman changed LeVert's work arrival time to 0145 hours.

40. Peterman told LeVert the route was scheduled for a departure time of 0200 hours.

41. This was the first time LeVert was told the route was scheduled for a 0200 hours departure time.

42. On or about February 27, 2020, LeVert arrived at 0145 hours.

43. Because of LeVert's 0200 hours departure time, he arrived at the Mansfield stop at 0653 hours.

44. The Mansfield stop has a scheduled time of 0600 hours.

45. On March 5, 2020, LeVert received a two-day suspension for being late to the Mansfield and Ontario stops.

46. Caucasian drivers were consistently late to stops.

47. Caucasian drivers were not disciplined for being late.

48. On or about March 10, 2020, Peterman allowed LeVert to arrive at work at 0130 hours.

49. On March 19, 2020, LeVert was terminated for being late to stops.

50. On the day he was terminated, LeVert arrived early to his stops.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

51. LeVert restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

52. LeVert is African American, and thus is in a protected class for his race.

53. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the Basis of the employee's race.

54. Defendant treated LeVert differently than other similarly situated employees based upon his race.

55. Defendant violated Title VII by treating LeVert differently from other similarly situated employees outside his protected class.

56. Defendant violated Title VII by applying its employment policies in a disparate manner based on LeVert's race.

57. Defendant violated Title VII by applying its disciplinary policies in a disparate manner based on LeVert's race.

58. LeVert incurred emotional distress damages as a result of Defendant's conduct described herein.

59. As a direct and proximate result of Defendant's acts and omissions LeVert based upon race discrimination, LeVert has suffered and will continue to suffer damages.

**COUNT II: RACIAL DISCRIMINATION IN VIOLATION OF R.C. §4112, et seq.**

60. LeVert restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

61. LeVert is African American, and thus is in a protected class for his race.

62. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

63. Defendant treated LeVert differently than other similarly situated employees based upon his race.

64. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating LeVert differently from other similarly situated employees outside his protected class.

65. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its employment policies in a disparate manner based on LeVert's race.

66. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its disciplinary policies in a disparate manner based on LeVert's race.

67. LeVert incurred emotional distress damages as a result of Defendant's conduct described herein.

68. As a direct and proximate result of Defendant's acts and omissions based upon race discrimination, LeVert has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, LeVert demands from Defendant the following:

a) Issue a permanent injunction:

   i. Requiring Comtex to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v.    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) An award against Defendant for compensatory and monetary damages to compensate LeVert for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

c) An award of punitive damages against Defendant in an amount in excess of $25,000;

d) An award of reasonable attorneys' fees and non-taxable costs for LeVert's claims as allowable under law;

e) An award of the taxable costs of this action; and

An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Andrew Pappert*
Andrew D. Pappert (0093964)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: drew.pappert@spitzlawfirm.com

*Attorneys For Plaintiff*

## JURY DEMAND

Plaintiff Daniel LeVert demands a trial by jury by the maximum number of jurors permitted.

                                                    /s/ *Andrew Pappert*
                                                    Andrew D. Pappert (0093964)
                                                    **THE SPITZ LAW FIRM, LLC**